War Air Museum, 2009-11-72 Mr. Seth, whenever you're ready. Good morning. May it please the court. When Petitioner Below, Cold War Air Museum, who's the appellee today, sought to cancel the Cold War Museum mark, it had to make a prima facie case that the mark had not required distinctiveness. Petitioner Below failed to do so, instead submitting material that the standoff between countries such as the United States and the former Soviet Union. The descriptiveness of the mark, however, was never an issue. During prosecution, the applicant was submitted, that was, excuse me, required to submit evidence beyond the usual statement of five years of continuous exclusive use to demonstrate that the mark had actually acquired distinctiveness. The trademark examiner analyzed applicants' evidence of acquired distinctiveness and it accepted it as sufficient. Once the mark issued, it then carried a strong presumption of validity in connection with museum services. Petitioner Below never challenged the substance or the sufficiency of this evidence, nor did it attempt to disprove or contradict it. Petitioner Below could have done so by showing that others were using the mark in the same field, or through survey evidence, that the mark had not actually acquired distinctiveness. Isn't this appeal about the admissibility of the evidence of acquired distinctiveness from the original file in this cancellation proceeding? Your Honor, there are two issues. One is the sufficiency of the initial hurdle, if you will, of making the prima facie case that acquired distinctiveness had not attached to the mark. And then the second issue, of course, is if you assume that the initial hurdle was actually crossed, then the question is, as you pointed out, Your Honor, what is of record? What is the record that should be analyzed by the TTAB? And moving to that issue. Well, counsel, you're framing it as though it's two discrete issues, where I would say actually to some extent they're in Yamaha that our court established that they must prove is they have the initial burden of challenging or rebutting the applicant's evidence of distinctiveness made of record during prosecution. So it seems to me that the two issues, in fact, might be overtwined. I imagine your wish list would be the evidence should have been considered and they didn't meet their burden. Yeah, Your Honor, that's a bit in our brief. Yamaha is different, though, and is distinct from this case because that was an opposition rather than a cancellation. And so in that case, the mark didn't have the same presumption of validity once it had registered. And so that's why we're looking at this as the initial burden to show that the acquired distinctiveness had not been met. And then if it had been met, the TTAB is to weigh the evidence of record. Okay, I'm a little confused by what you just said. I was puzzled. I haven't had one of these cases before, and I was puzzled to discover that there seems to be very little in the way of benefit that inures to a issued trademark as opposed, meaning in a cancellation proceeding rather than an opposition proceeding. In patent law, of course, we give a heightened evidentiary burden once the patent's issued, recognizing the presumption of validity. But here, the case law seems quite well entrenched going all the way back to the 1970s, that it's a preponderance of the evidence standard regardless of whether it's an opposition or a cancellation where you have this presumption of validity. That was confusing to me, but it does seem like there's nothing I can do about it in light of the fact that it's pretty established through our precedent. Your Honor, that's correct. And addressing Yamaha again, that case stated several times that the burden remains on the applicant throughout the proceeding. And again, I would suggest that that is germane to an opposition before the registration is actually issued. So your position is, and I think correctly so, that in the cancellation proceeding, because the registration is presumed valid and has some presumptive effects, that the burden begins with the petitioner and remains with the petitioner. The burden of persuasion remains the petitioner's throughout. Your Honor, that's correct. Which is distinguishable from the situation in an opposition. Yes, Your Honor. In a case like this, would you suggest that not only does the burden of distinctiveness stay with them, but that they have to overcome, in order to meet their burden, all of the evidence of distinctiveness that the patentee offered during prosecution as the primary step, the prima facie case they must make before you have to do anything? Your Honor, I'm not sure that that squares with Yamaha. Yamaha says, and again, acknowledging that the distinction between the opposition and the cancellation, that at least the prima facie case must be made, that the petitioner need not prove his entire case when making that prima facie case. But at least there must be something there that the TTAB needs to consider that triggers it. Did you play softball, counsel? I played softball. I'm hurling a matchup, but you're fighting me on it. So I guess where I'm trying to go here is, it seems to me that if I were to agree with you that the evidence of record during prosecution automatically becomes part of the cancellation proceeding, why shouldn't the initial burden on them be to, at a minimum, overcome that evidence in order to establish a prima facie case? Because it's already part of the record. Your Honor, I agree. But the board didn't consider it part of the record. Isn't that correct? That's right. And there's a rule that says it's automatically part of the record. Absolutely. And that's your argument. That's right, Your Honor. Why didn't we hear that in the first minute? I wanted to set up both issues for the court. But if there's nothing else, I'll sit down. We'll save the rest of your time. Thank you. Mr. Timmons. Yes, Your Honor. Have you pleased the court? Tell us why the rule doesn't control. Oh, I certainly will. In fact, there are two things I'd like to address. And one I failed to address in my brief. One is that the rule is a good rule and it should control. And I'd like to talk about that. And two, they seem to think that if the rule were waived or changed, that they'd have a lay down case. And they don't. But first of all, the rule says that the record below is admitted, but not things submitted into evidence, not documents submitted. And that's a good rule. That's not what the rule says. The rule just talks about the file. The file. That's right, the file. That includes evidence. It includes everything in the file, does it not? Well, it hasn't in the past. Well, but the rule actually specifies, doesn't it, the file of each application or registration. So the word file obviously carries a different meaning than simply the word application. So what would file mean apart from application in your view? It means all correspondence between the examiner and the applicant. And the applicant, you know, that would include the, in fact, even though it includes the application itself, there have been cases that say, though, that does not mean that it does not prove either first use or continuous use. Even though that's sworn to there. That's not an issue. OK, but I mean, but it's saying, though, that these evidentiary matters, even that that's in the application itself, are not automatically accepted into evidence. But on what basis do you do you say that? Because the rule simply says the file forms part of the record. That's all the rule says, the file. Now, the rule does have another part that that talks about specimens and specifically sets forth that specimens are not evidence. But that there's no other exclusion. And if if if if we were to go to a computer terminal right now and look to the Patent Office records and obtain that file, which we can do, that file would include all of this evidence. It's all part of the file. Yes, your honor. That's true. Why is there a basis to exclude it? The the trademark Crown Appeal Board is always and I believe it relied on some precedent here. It's always considered, especially for petitions to cancel since the record since the file has already been closed. Well, you refer to the to the British Seagull case, right? So, Mr. Arner, but there's no explanation in that case as to why the statement was made that, you know, allegations and documents and things are not evidence in an inter-party proceeding. There's no there's no rationale or reasoning behind that, which strikes me as being directly contrary to the rule. Well, the rationale or reasoning is because these things should be introduced by a real person who's subject to cross-examination. And it was just introduced from a file as, you know, as the how do you cross-examine? And it's an inter-parties case. And cross-examination is one of the things we have to get the rule changed. But this way the rule has been interpreted. How does British Seagull help you, if at all? Well, the below that the registrant presented no evidence, none. And in their argument on their brief, you're talking about British Seagull or this case, this case, in this case, this case, the in fact, I'd like to compare it to a case they cited. Shouldn't you be arguing the relevance of British Seagull? Because this court upheld the lack of reliance on what was in the original file. But that was because the court said there was no showing prejudice. There is prejudice here. But even in their own argument, in their brief, their original brief, they didn't raise it. They didn't argue any of these, this so-called evidence. And they and I would like to argue they weren't prejudiced when you look at the evidence. I'd like to look at that. Well, maybe they didn't argue because they didn't have the burden to make that argument because you hadn't made a prima facie case. That there was no acquired distinctiveness. Well, I guess that you're using their language. And here, I think the question is the nature of the burden and they have sort of ended around it, but haven't really argued. In a patent case, the burden that the presumption is a strong one that stays in the case. But that's because of the way a patent is examined. In a trademark case, this may just be an affidavit by somebody saying I've had five years of substantially continuous exclusive use. In fact, they have that in another application they have. They filed it the day they lost Lowe and that he put that affidavit in there even knowing about our existence since 2004. And about the existence of several other Cold War museums. And said as far as they knew when they filed that, that they were only entitled to the right to use it. So that it doesn't deserve the kind of presumption that you've got in a patent case. They're just not the same kind of examination. In a patent case, you've got where they examine all US patents, foreign patents. They can cite and do frequently cite matters from catalogs and from printed articles. So there's extensive research and extensive examination. In a trademark, it just doesn't exist. I can't tell you how often I've reached out just on an affidavit, a five-year affidavit. Or how often that, like here, let's look at their so-called evidence. But first I'd like to say they relied upon also the Goodyear Tire and Rubber Company against Interco Corporation, Tire Corporation. And it's very interesting because here, unlike the present case where there's no evidence submitted, that Goodyear did everything right. They introduced all of the evidence below through testimony. They added evidence. They had extensive advertising. Here we have no advertising. They had extensive advertising. They had articles in many of the nationwide journals that showed this tire pattern. They had, they showed advertising. They showed articles. They showed the use of it in other brochures. They showed recognition of it. And here's what the, of course, pardon me, that the front of this case says, this disposition is not citable as precedent of the Trademark Trial and Appeal Board, but it's a great case. It says, accordingly, while persons with many years of experience in the tire industry, such as tire engineers, tire dealers, and tire producers, can, upon inspection, distinguish applicants' Super Swamper TSL tire from various other brands of tires by their specific tread designs, applicants simply has not shown that the difference in appearance of such designs are source indicative significance to ordinary retail purchasers of tires. And I think that if we look at their evidence, what's their evidence? It's that they won an administrative proceeding. Letters from politicians. Letters from other museums. And a few letters from patriot organizations. And many of them clearly responded. I can't really consider all that evidence because the board didn't consider it in the first instance in this proceeding. So it doesn't really help to present us with your opinion vis-a-vis the weight that evidence should be given. Well, they submitted the same evidence in the second application, which is not before this court. But the examiner there said it's so highly descriptive that that is insufficient. Can I ask you another question about British Seagull? I just want to clarify one thing for my own understanding. You're not suggesting that British Seagull, we ultimately affirmed, but on a completely different issue. And we, in fact, did not ever even reach the acquired distinctiveness issue and said we don't need to reach it. So you're not suggesting our affirmance of British Seagull on a different issue than distinctiveness is somehow an endorsement or ties our hands with regard to our interpretation of two-point? No, Your Honor, not at all. But I think that in an inter-parties proceeding, someone should have a right to cross-examine a real person. And these documents should be introduced one at a time. And the documents begged for cross-examination. I mean, just look at the documents. Well, they were all introduced as evidence. Wouldn't you then have an opportunity to cross-examine? I'd have to call them as an adverse witness because they introduced no evidence. They did not take the testimony of any of their clients. But you can introduce evidence like the form that was introduced during the application process, even in a cancellation proceeding. It's not a breach of evidentiary rules of the TTAB, correct? Well, forms, I'm sorry. It's not a breach of evidence. The information that they, the form of the evidence that they introduced before the application, during the application process, the 200-odd pages of evidence they introduced. Right. That the TTAB said is not considered because they didn't specifically introduce it in this case. You're not suggesting that none of that evidence could properly ever be admitted in a TTAB proceeding? No, Your Honor. But I'm saying they need to introduce it. And that way they put the other side on notice that they're relying on this. Well, if our rule was you're all automatically on notice because the rate relevant CFR says this information is automatically part of the file, wouldn't that be enough to put you on notice that you now know you need to rebut this? Well, I think, though, when it says specimens are not admitted, that all of these things are specimens of use of some... Well, these are completely different from specimens. Well, they're different from specimens that are filed. Yes, Your Honor. Specimens are, everybody knows what a specimen is in a trademark context. That's not what we're talking about here. And I think Judge Moore is absolutely right. The only question is certainly the registrant could have submitted a simple notice based on your standard, and all of those materials would have been introduced into the record. If they had done that... The only difference is that the rule, in effect, provides that notice. In terms of cross-examination, you don't cross-examine documents. You cross-examine witnesses, and you have a right to bring in whatever witnesses you want to challenge whatever these materials might be. You can challenge their foundation. You can challenge their credibility, their reliability, or their legal effect. You're free to do that. The only question here is whether it's part of the record automatically because of the rule, or whether it's not part of the record until a notice is submitted. And there's nothing in that rule that I see that accepts these documents from being part of the file. Nothing prevents them from being part of the file. In the Goodyear case, of course, Goodyear introduced them all by confident testimony. But by humans introducing these documents and identifying them so that that human could be cross-examined. But that's not necessary. You can simply notice that you're going to rely on all of those materials. And the other side... That's part of the record, right? to do cross-examination about each one of these documents. Well, you can attack it any which way you want. You could bring in your own witness to challenge those documents, or you could file documents of your own to contradict those documents. But none of my witnesses would know about those documents. Only their witnesses would know about those documents. But the same would happen if there was a notice file. If there was a notice file, at least then we could... I would know then to start either attacking the credibility of those or to call as an adverse witness someone from their side, such as Mr. Power, to... But you're given the same signal, are you not, by the rule? But the rule, the way it's been interpreted always, is that these things are not in evidence. And if they'd been... The board said respondents chose not to submit that evidence. They're saying... Well, the rule says it's in evidence. Did they not try to rely on it? They didn't give a notice of reliance or anything. There was no evidence submitted by the other side. In fact, like I said, in even their argument, they didn't argue this so-called evidence. They only argued the presumption. And until their motion for reconsideration, and suddenly they said that the court should consider that on its own. So your point is not so much that they didn't submit the evidence, but they didn't argue the evidence. They didn't argue the evidence. And when they... Their motion for reconsideration said that even though they didn't submit it or argue it, the court should on its own consider all of this. But then I wouldn't have known until then, and I've already lost my chance to argue about the merits of it. All right. Thank you, Mr. Timmons. Thank you. Mr. Beth has some rebuttal time. Did you not argue that evidence? Yes, Your Honor. The evidence, as we've... Yes, you didn't, or yes, you did. The evidence of acquired distinctiveness was assumed to be of record during the proceeding. And there was no reason for us to point to that again until the reconsideration brief that was filed. Then it became evident. But you didn't argue it. You assumed that it was there, and the board should, solis ponte, have relied on it. That's correct. When the... But, counsel, British Segal came out in 1993. TTAB made it clear that, at least in their mind, it shouldn't be assumed to be part of the record. Wouldn't it have been prudent in that instance for you to have just simply filed a piece of paper making it part of the record? In hindsight, surely, had we known that we were going to be here today, that would have been a shortcut way of dealing with that issue. But relying on the statute, that just wasn't deemed to be necessary at the time. And once the opinion from the TTAB came out and it became clear as to what was going on, that's when the argument was made in the reconsideration brief. Unless there are any other questions, that's all I have. Thank you. We'll take the case under advisement.